IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEILA SCOTT, *et al.*, | : | |
| *Plaintiffs* | : | CIVIL ACTION |
| v. | : | |
| | : | No. 19-5559 |
| STATE FARM FIRE AND | : | |
| CASUALTY COMPANY | : | |
| *Defendant* | : | |

## MEMORANDUM

PRATTER, J.                                                     MAY 28, 2020

The fire that erupted at Plaintiffs' home ignited this insurance coverage dispute. The parties disagree as to the amount the plaintiffs are entitled to recover under their State Farm homeowners' insurance policy.

In response to the amended complaint, State Farm seeks the dismissal of the bad faith claim, specifically contending that Plaintiffs have failed to factually allege the cause of action. For the following reasons, the Court denies the motion to dismiss.

### BACKGROUND[1]

State Farm insured a home located at 2123 W. Cambria Street in Philadelphia. In July 2019, a fire broke out at the residence, causing significant damage to the home. Plaintiffs filed a claim under their insurance policy to repair and remediate the damage. However, Plaintiffs allege that in response to their claim, State Farm failed to pay out the full cost of the losses. Plaintiffs assert breach of contract and bad faith claims to recuperate the full amount of their alleged loss.

---

[1] The following summary is based on the allegations in the amended complaint, which the Court assumes to be true for purposes of considering the motion to dismiss.

1

## LEGAL STANDARD

As is well-documented, a Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. While Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "to give the defendant fair notice of what the claim is and the grounds upon which it rests," the plaintiff must provide "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, to survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court assumes that the allegations in the complaint and all reasonable inferences emanating from them are true, viewing those facts and inferences in the light most favorable to the non-moving party. *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010). That admonition does not demand that the Court ignore or even discount reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and quotation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## DISCUSSION[2]

In Pennsylvania, an insured can bring a bad faith claim against his or her insurer under 42 Pa. C.S.A. § 8371. Although the statute does not define the term "bad faith," Pennsylvania courts have defined bad faith in this context as "[a] frivolous or unfounded refusal to pay proceeds of a policy . . . a breach of a known duty (i.e. good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)).

To plausibly state a bad faith claim under Pennsylvania law, a plaintiff must factually allege the defendant lacked a reasonable basis for denying the benefits, and the insurer knew of or recklessly disregarded that lack of a reasonable basis. *Terletsky*, 649 A.2d at 688. Rather than merely alleging that "an insurer acted unfairly," a plaintiff "instead must describe with specificity what was unfair." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (citing *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 600 (E.D. Pa. 2010)). Moreover, an insurer's conduct need not be fraudulent. *Atiyeh*, 742 F. Supp. 2d at 598 (citing *Brown v. Progressive Insurance Company*, 860 A.2d 493, 501 (Pa. Super. 2004)).

State Farm's core argument rests on Plaintiffs' averred failure to factually allege that State Farm lacked a reasonable basis when denying the insurance claim, and, furthermore, acted with reckless disregard of that unreasonableness. It cites to an order in *Nelson v. Allstate Insurance Company* (E.D. Pa. May, 26, 2017), for the argument that courts in this district have viewed similar allegations as conclusory, at best. State Farm overlooks that in *Nelson*, the court dismissed the bad faith claim where the plaintiff offered "no factual allegations to support the conclusory

---

[2] The parties do not dispute, and the Court agrees, that Pennsylvania law applies to the bad faith claim State Farm seeks to dismiss.

3

assertions that Allstate acted unreasonably and unfairly, misrepresented material facts or issues and/or failed to take prompt action." *Id.*, p. 2. *See also Atiyeh, supra*, 742 F. Supp. 2d at 599-600 dismissing the plaintiff's bad faith claim as conclusory where plaintiff averred the defendant "(1) falsely and fraudulently represented that plaintiff had not performed routine maintenance on the premises; (2) unreasonably refused to indemnify plaintiff for his loss; and (3) breached its duty of good faith and fair dealing by: (a) failing to conduct a reasonable investigation, (b) denying benefits to plaintiff without a reasonable basis, (c) knowingly or recklessly disregarding the lack of a reasonable basis to deny plaintiff's claim, or (d) asserting policy defenses without a reasonable basis.")

Here, Plaintiffs claim that State Farm significantly undervalued their claim, and as a result, acted in bad faith. *See, e.g.*, Am. Compl., ¶36g. (alleging bad faith "by engaging in extreme low-ball/undervaluation tactics and significantly and punitively undervaluing Plaintiffs' losses and claim.") To support these allegations, Plaintiffs allege the insurance policy provided dwelling coverage up to a limit of $281,200, along with a dwelling extension limit of $28,100. Personal property losses were covered up to a limit of $210,900. Plaintiffs also invoke several estimates they contend they submitted to State Farm for the cost of repair and restoration, and, nonetheless State Farm failed to indemnify Plaintiffs completely. They allege having provided the following estimates:

- an estimate of repair for damages to the dwelling in the amount of $57,726.99;
- another estimate of repair for structural losses in the amount of $56,839.12;
- an estimate of personal property loss in the amount of $9,900.36;
- an estimate for cleaning and remediation emergency services in the amount of $4,126.63; and

4

- an estimate for dry cleaning services in the amount of $21,624.00.

Plaintiffs claim State Farm made payment for the dry cleaning for only $255.08, paid the emergency cleaning and remediation bill in full, and estimated the structural damage for $6,321.45. After depreciation and the deductible were reduced, State Farm issued a check for an amount of $4,666.46. According to Plaintiffs, no payment was made to reimburse them for any alleged personal property losses. Am. Compl., ¶¶ 13-21. Arithmetically, the insurer's payment was no more than approximately ten percent of the claim, suggesting a possible obdurate refusal to consider the homeowners' claim.

The Court finds these factual allegations sufficient to set forth a potential bad faith claim. Of course, Plaintiffs are not required at this time to prove their case, but to give the requisite notice to State Farm of the cause of action asserted in order to meet their obligations under Federal Rule of Civil Procedure 8. This, they have managed to do. *See Kunsman v. Metropolitan Direct Property and Casualty Insurance Company*, No. 17-4619, 2018 WL 3097013, at *4 (E.D. Pa. June 21, 2018) (determining the bad faith claim plausibly alleged when supported by factual "explanations and descriptions of the alleged bad faith conduct.")

## CONCLUSION

For the aforementioned reasons, the Court denies the motion to dismiss. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

5